IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRCIT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| WYLESHA AYRES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 19-CV-2148 |
| V. | ) |
| | ) |
| SHERIFF DEPUTY COREY CHRISTIANSON, UNKNOWN CHAMPAIGN COUNTY SHERIFF'S DEPUTY, and CHAMPAIGN COUNTY, ILLINOIS, | ) JURY TRIAL DEMANDED |
| | ) |
| Defendants. | |

**COMPLAINT AT LAW**

NOW COMES, Wylesha Ayres, ("Plaintiff"), by and through her attorneys, Nathan & Kamionski, LLP, and states as follows:

**INTRODUCTION**

1. This is an action for civil damages brought pursuant to 42 U.S.C. §§1983 and 1988 to redress the deprivation under color of law of Plaintiff's rights as secured by the United States Constitution.

2. As more fully described below, Defendants conducted an unreasonable search of Plaintiff's person unlawfully and in violation Plaintiff's rights as secured by the United States Constitution.

**JURISDICTION AND VENUE**

3. This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331 and 1343. Plaintiff further invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367 to hear and decide claims arising out of state law.

4. Venue is proper under 28 U.S.C. §1391(b). On information and belief, all parties reside in this judicial district, and the events giving rise to the claims asserted herein all occurred within this district.

5. Wylesha Ayres is a 27-year-old woman who, at all relevant times, resided and was domiciled in the Central District of Illinois.

6. At all times relevant to the events in this case, Sheriff Deputy Corey Christianson ("Defendant Christianson") acted under color of law and within his authority as a duly appointed law enforcement officer by the Champaign County Sheriff's Office.

7. At all times relevant to the events in this case, an Unknown Champaign County Sheriff's Deputy ("Unknown Deputy") acted under color of law within his authority as a duly appointed officer by the Champaign County Sheriff's Office.

8. Defendant Champaign County is a municipal organization under the laws of the State of Illinois. It oversees the Champaign County Sherriff's office.

9. Defendant Christianson and Unknown Deputy are collectively referred to herein as "Defendant Officers." At all times relevant hereto, Defendant Officers were acting in their individual and official capacities and acting under color of law.

## FACTS COMMON TO ALL COUNTS

10. On or about May 8, 2019, at approximately 9:45 p.m. Plaintiff was lawfully operating her car in the area of Dobbins Drive in Champaign, Illinois, when she noticed a marked Champaign County Sheriff's SUV directly behind her with its lights flashing. Plaintiff accordingly pulled her car to the side of the road.

11. Upon information and belief, Deputy Corey Christianson of the Champaign County Sheriff's Office is the individual who pulled Plaintiff over.

12. Upon information and belief, Defendant Christianson exited his police car, approached Plaintiff on the driver side of her vehicle, and asked for Plaintiff's identification.

13. The Unknown Deputy then arrived at the scene of the traffic stop describe above.

14. Defendant Christianson then asked Plaintiff to step out of her vehicle.

15. At all times relevant to this complaint, Plaintiff fully cooperated with Defendants, did not offer any resistance to Defendant Officers, and provided no basis for Defendant Officers to touch Plaintiff.

16. One of Defendant Officers, who Plaintiff believes was Defendant Christianson, a male, proceeded to conduct a highly intrusive pat-down search of Plaintiff's private body parts, including improper touching and rubbing of Plaintiff's lower female private area.

17. Defendant Officers found no drugs, guns, or other weapons on Plaintiff and had no reasonable basis to suspect that such contraband would be located on Plaintiff's person.

18. After conducting the highly invasive and inappropriate search of Plaintiff's private body part, one or more Defendant Officers then searched Plaintiff's car without probable cause.

19. No drugs, guns, or other contraband was recovered from the Plaintiff's vehicle.

20. Defendant Christianson then issued Plaintiff a traffic citation and allowed her to leave the traffic stop.

21. From the time Plaintiff was pulled over until she was told she could leave, Plaintiff was seized for purposes of the Fourth Amendment because she was not free to leave.

22. Approximately ten to twenty minutes later, Plaintiff was leaving a parking lot on Curt Drive in Champaign, Illinois when Defendant Christianson again pulled Plaintiff over.

23. Plaintiff suffered great emotional and psychological injuries as a result of Defendants' conduct.

### COUNT I – 42 U.S.C. §1983
### Fourth Amendment Violations
### (Against Defendant Officers)

24. Plaintiff hereby incorporates each of the preceding paragraphs of this Complaint as if fully restated herein.

25. In the manner described above, Defendant Officers caused Plaintiff to be deprived of rights secured by the Fourth Amendment to the Constitution of the United States against unreasonable searches and seizures.

26. As a result of the misconduct of the Defendant Officers described in this Count, Plaintiff suffered loss of liberty, great mental anguish, humiliation, degradation, emotional pain and suffering, and other grievous and continuing injuries and damages as set forth above.

### COUNT II – 42 U.S.C. §1983
### Failure to Intervene
### (Against Unknown Deputy)

27. Plaintiff hereby incorporates each of the preceding paragraphs of this Complaint as if fully restated herein.

28. In the manner described above, during the constitutional violations described herein, Unknown Deputy stood by without intervening to prevent the violation of Plaintiff's constitutional rights, even though he had the opportunity to do so.

29. As a result of the Unknown Deputy's failure to intervene to prevent the violation of Plaintiff's constitutional rights, Plaintiff suffered deprivation of her liberty, humiliation, fear, as well as severe emotional distress. Unknown Deputy had ample, reasonable opportunities to prevent the unlawful detention and search described above but failed to do so. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally, and in total disregard of Plaintiff's constitutional rights.

30. As a result of the misconduct of the Unknown Deputy described herein, Plaintiff suffered loss of liberty, great mental anguish, humiliation, degradation, emotional pain and suffering, and other grievous and continuing injuries and damages as set forth above.

**COUNT III – STATE LAW CLAIM**
**Intentional Infliction of Emotional Distress**
**(Against Defendant Officers)**

31. Plaintiff hereby incorporates each of the preceding paragraphs of this Complaint as if fully restated herein.

32. The acts and conduct of Defendant Officers toward Plaintiff as described above were extreme and outrageous.

33. Defendant Officers' conduct was rooted in an abuse of power or authority, and they were undertaken with maliciousness and intent to cause, or were recklessly indifferent to the great probability that their conduct would cause severe emotional distress to Plaintiff.

34. As a direct and proximate result of the conduct of Defendant Officers, Plaintiff suffered and continues to suffer severe emotional distress.

**COUNT IV – STATE LAW CLAIM**
**Respondeat Superior Claim**
**(Against Defendant Municipality)**

35. Plaintiff hereby incorporates each of the preceding paragraphs of this Complaint as if fully restated herein.

36. Defendant Officers were, at certain times material to this Complaint, employees of the Defendant Champaign County, Illinois, were acting within the scope of their employment, and their acts which violated state law are directly chargeable to the Defendant Champaign County, Illinois under state law pursuant to respondeat superior.

### COUNT V – STATE LAW CLAIM
### Indemnification
### (Against Defendant Municipality)

37. Plaintiff hereby incorporates each of the preceding paragraphs of this Complaint as if fully restated herein.

38. Defendant Officers were, at certain times material to this Complaint, employees of the Defendant Champaign County, Illinois and were acting within the scope of their employment. As such, under 745 ILCS 10/9-102, Champaign County, Illinois must pay any tort judgment for compensatory damages that is adjudicated against Defendant Officers.

WHEREFORE, Plaintiff respectfully demands that judgment be entered in her favor and against Defendant Officers and Champaign County, Illinois, with respect to all counts set forth in this Complaint, that she be granted reasonable compensatory damages in an amount to be determined at trial, that punitive damages be awarded and assessed against Defendant Officers and that costs and attorneys' fees be assessed against the defendants.

### JURY DEMAND

Plaintiff, Wylesha Ayres, hereby demands a trial by jury pursuant to Federal Rules of Civil Procedure 38(b) on all issues so triable.

Dated: June 7, 2019

Respectfully Submitted,

 */s/ Shneur Z. Nathan*
Shneur Z. Nathan, 6294495
Avi Kamionski, 6283191
Natalie Adeeyo, 6323542
Matthew J. Mc Carter, 6321085
**Nathan & Kamionski, LLP**
33 W. Monroe, Suite 1830
Chicago, Illinois 60603
(312)612-1955
snathan@nklawllp.com
akamionski@nklawllp.com
nadeeyo@nklawllp.com
mmccarter@nklawllp.com