E-FILED
Thursday, 27 June, 2019  01:45:27 PM
Clerk, U.S. District Court, ILCD

5590-21
KEF/tlp

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| WYLESHA AYRES, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
|     v. | )    No.:    19-2148 |
| | ) |
| SHERIFF DEPUTY COREY CHRISTIANSON, | ) |
| UNKNOWN CHAMPAIGN COUNTY SHERIFF'S | ) |
| DEPUTY, and CHAMPAIGN COUNTY, ILLINOIS, | ) |
| | ) |
|     Defendants. | ) |

## ANSWER AND AFFIRMATIVE DEFENSES

NOW COME the Defendants, CORY CHRISTENSEN (improperly named herein as "Corey Christianson") and CHAMPAIGN COUNTY, ILLINOIS, by Keith E. Fruehling of Heyl, Royster, Voelker & Allen, their attorneys, and for their Answer and Affirmative Defenses to the Complaint of the Plaintiff, WYLESHA AYRES, state as follows:

## INTRODUCTION

1.      This is an action for civil damages brought pursuant to 42 U.S.C. §§1983 and 1988 to redress the deprivation under color of law of Plaintiff's rights as secured by the United States Constitution.

**ANSWER:      Defendants acknowledge that the statutes cited in this paragraph exist and that Plaintiff seeks to rely upon them for the purpose of stating a cause of action, but deny there is any legitimate factual basis for the action Plaintiff seeks to pursue and deny she suffered any damages.**

2.      As more fully described below, Defendants conducted an unreasonable search of

Plaintiffs person unlawfully and in violation Plaintiff's rights as secured by the United States

Constitution.

**ANSWER:      Denied.**

**JURISDICTION AND VENUE**

3.      This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331 and 1343.

Plaintiff further invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367

to hear and decide claims arising out of state law.

**ANSWER:      Defendants acknowledge that the statutes cited in this paragraph exist and that Plaintiff seeks to rely upon them for the purpose of stating her cause of action.**

4.      Venue is proper under 28 U.S.C. §1391(b). On information and belief, all parties

reside in this judicial district, and the events giving rise to the claims asserted herein all occurred

within this district.

**ANSWER:      Defendants admit that they reside in the District and State, but have insufficient knowledge regarding whether any other parties (named or unnamed) reside in this judicial district and therefore, deny the same as to the other parties.**

5.      Wylesha Ayres is a 27-year-old woman who, at all relevant times, resided and was

domiciled in the Central District of Illinois.

**ANSWER:      Defendants have insufficient knowledge regarding the facts in this paragraph to either admit or deny them; and, therefore deny the same.**

6.      At all times relevant to the events in this case, Sheriff Deputy Corey Christianson

("Defendant Christianson") acted under color of law and within his authority as a duly appointed

law enforcement officer by the Champaign County Sheriff's Office.

**ANSWER:     Defendants admit that Cory Christensen was employed by the Champaign County Sheriff's Office at the time of the alleged incident and acted within his authority as a duly sworn law enforcement officer at all times relevant to this Complaint.**

7.      At all times relevant to the events in this case, an Unknown Champaign County Sheriff's Deputy ("Unknown Deputy") acted under color of law within his authority as a duly appointed officer by the Champaign County Sheriff's Office.

**ANSWER:     Defendants have insufficient knowledge regarding the facts in this paragraph to either admit or deny them; and, therefore deny the same.**

8.      Defendant Champaign County is a municipal organization under the laws of the State of Illinois. It oversees the Champaign County Sherriff's office.

**ANSWER:     Denied as alleged.**

9.      Defendant Christianson and Unknown Deputy are collectively referred to herein as "Defendant Officers." At all times relevant hereto, Defendant Officers were acting in their individual and official capacities and acting under color of law.

**ANSWER:     Denied as alleged.**

## FACTS COMMON TO ALL COUNTS

10.      On or about May 8, 2019, at approximately 9:45 p.m. Plaintiff was lawfully operating her car in the area of Dobbins Drive in Champaign, Illinois, when she noticed a marked Champaign County Sheriff's SUV directly behind her with its lights flashing. Plaintiff accordingly pulled her car to the side of the road.

**ANSWER:     Denied as alleged.**

11.      Upon information and belief, Deputy Corey Christianson of the Champaign County Sheriff's Office is the individual who pulled Plaintiff over.

**ANSWER:     Admit.**

12.      Upon information and belief; Defendant Christianson exited his police car, approached Plaintiff on the driver side of her vehicle, and asked for Plaintiff's identification.

**ANSWER:      Defendants deny that Deputy Christensen approached Plaintiff on the driver side of her vehicle but admit the remaining allegations.**

13.      The Unknown Deputy then arrived at the scene of the traffic stop describe above.

**ANSWER:      Defendants have insufficient knowledge regarding when "then" is as alleged in the facts in this paragraph or who the Unknown Deputy is alleged to have been and thus cannot either admit or deny the allegations of this paragraph; and, therefore they deny the allegations as alleged.**

14.      Defendant Christianson then asked Plaintiff to step out of her vehicle.

**ANSWER:      Admit Deputy Christensen asked Plaintiff to step out of her vehicle at some point in time during the traffic stop.**

15.      At all times relevant to this complaint, Plaintiff fully cooperated with Defendants, did not offer any resistance to Defendant Officers, and provided no basis for Defendant Officers to touch Plaintiff.

**ANSWER:      Defendants admit that Plaintiff fully cooperated with and did not offer any resistance to Deputy Christensen but deny the remaining allegations.**

16.      One of Defendant Officers, who Plaintiff believes was Defendant Christianson, a male, proceeded to conduct a highly intrusive pat-down search of Plaintiff's private body parts, including improper touching and rubbing of Plaintiff's lower female private area.

**ANSWER:      Denied.**

17.      Defendant Officers found no drugs, guns, or other weapons on Plaintiff and had no reasonable basis to suspect that such contraband would be located on Plaintiff's person.

**ANSWER:      Defendants admit that Deputy Christensen found no drugs, guns, or other weapons on Plaintiff but deny the remaining allegations.**

18.     After conducting the highly invasive and inappropriate search of Plaintiffs private

body part, one or more Defendant Officers then searched Plaintiffs car without probable cause.

**ANSWER:     Denied as alleged.**

19.     No drugs, guns, or other contraband was recovered from the Plaintiff's vehicle.

**ANSWER:     Admit.**

20.     Defendant Christianson then issued Plaintiff a traffic citation and allowed her to

leave the traffic stop.

**ANSWER:     Admit.**

21.     From the time Plaintiff was pulled over until she was told she could leave, Plaintiff

was seized for purposes of the Fourth Amendment because she was not free to leave.

**ANSWER:     Denied as alleged.**

22.     Approximately ten to twenty minutes later, Plaintiff was leaving a parking lot on

Curt Drive in Champaign, Illinois when Defendant Christianson again pulled Plaintiff over.

**ANSWER:     Denied as alleged.**

23.     Plaintiff suffered great emotional and psychological injuries as a result of

Defendants' conduct.

**ANSWER:     Denied.**

**COUNT I — 42 U.S.C. §1983**
**Fourth Amendment Violations**
**(Against Defendant Officers)**

24.     Plaintiff hereby incorporates each of the preceding paragraphs of this Complaint

as if fully restated herein.

**ANSWER:     Deputy Christensen hereby incorporates by reference each of every one of his responses to Paragraphs 1-24 above as and for his response to this paragraph.**

25.     In the manner described above, Defendant Officers caused Plaintiff to be deprived of rights secured by the Fourth Amendment to the Constitution of the United States against unreasonable searches and seizures.

**ANSWER:     Deputy Christensen hereby denies said allegations.**

26.     As a result of the misconduct of the Defendant Officers described in this Count, Plaintiff suffered loss of liberty, great mental anguish, humiliation, degradation, emotional pain and suffering, and other grievous and continuing injuries and damages as set forth above.

**ANSWER:     Deputy Christensen hereby denies said allegations.**

WHEREFORE, the Defendant, CORY CHRISTENSEN, prays that judgment be entered in his favor and against the Plaintiff, WYLESHA AYRES, and that Defendant recover his attorneys' fees and costs of suit.

DEFENDANT DEMANDS A TRIAL BY JURY.

**COUNT II — 42 U.S.C. §1983**
**Failure to Intervene**
**(Against Unknown Deputy)**

Count II is not directed at either of these Defendants and so no answer is made to the allegations of Count II

27.     Plaintiff hereby incorporates each of the preceding paragraphs of this Complaint as if fully restated herein.

**ANSWER:     Not directed at these Defendants.**

28.     In the manner described above, during the constitutional violations described herein, Unknown Deputy stood by without intervening to prevent the violation of Plaintiff's constitutional rights, even though he had the opportunity to do so.

6

**ANSWER:        Not directed at these Defendants.**

29.        As a result of the Unknown Deputy's failure to intervene to prevent the violation of Plaintiff's constitutional rights, Plaintiff suffered deprivation of her liberty, humiliation, fear, as well as severe emotional distress. Unknown Deputy had ample, reasonable opportunities to prevent the unlawful detention and search described above but failed to do so. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally, and in total disregard of Plaintiff's constitutional rights.

**ANSWER:        Not directed at these Defendants.**

30.        As a result of the misconduct of the Unknown Deputy described herein, Plaintiff suffered loss of liberty, great mental anguish, humiliation, degradation, emotional pain and suffering, and other grievous and continuing injuries and damages as set forth above.

**ANSWER:        Not directed at these Defendants**

## COUNT III — STATE LAW CLAIM
### Intentional Infliction of Emotional Distress
### (Against Defendant Officers)

31.        Plaintiff hereby incorporates each of the preceding paragraphs of this Complaint as if fully restated herein.

**ANSWER:        Deputy Christensen hereby incorporates by reference each of every one of his responses to Paragraphs 1-26 above as and for his response to this paragraph.**

32.        The acts and conduct of Defendant Officers toward Plaintiff as described above were extreme and outrageous.

**ANSWER:        Deputy Christensen hereby denies said allegations.**

33.     Defendant Officers' conduct was rooted in an abuse of power or authority, and they were undertaken with maliciousness and intent to cause, or were recklessly indifferent to the great probability that their conduct would cause severe emotional distress to Plaintiff.

**ANSWER:     Deputy Christensen hereby denies said allegations.**

34.     As a direct and proximate result of the conduct of Defendant Officers, Plaintiff suffered and continues to suffer severe emotional distress.

**ANSWER:     Deputy Christensen hereby denies said allegations.**

WHEREFORE, the Defendant, COREY CHRISTENSEN, prays that judgment be entered in his favor and against the Plaintiff, WYLESHA AYRES, and that Defendant recover his attorney's fees and costs of suit.

DEFENDANT DEMANDS A TRIAL BY JURY.

### COUNT IV — STATE LAW CLAIM
### *Respondeat Superior* Claim
### (Against Defendant Municipality)

35.     Plaintiff hereby incorporates each of the preceding paragraphs of this Complaint as if fully restated herein.

**ANSWER:     Champaign County, Illinois hereby incorporates by reference each of every one of the above responses to Paragraphs 1-26 and 31-34 above as and for its response to this paragraph.**

36.     Defendant Officers were, at certain times material to this Complaint, employees of the Defendant Champaign County, Illinois, were acting within the scope of their employment, and their acts which violated state law are directly chargeable to the Defendant Champaign County, Illinois under state law pursuant to *respondeat superior*.

**ANSWER:     Denied as alleged.**

WHEREFORE, the Defendant, CHAMPAIGN COUNTY, ILLINOIS, prays that judgment be entered in its favor and against the Plaintiff, WYLESHA AYRES, and that Defendant recover its attorneys' fees and costs of suit.

DEFENDANT DEMANDS A TRIAL BY JURY.

## COUNT V — STATE LAW CLAIM
### Indemnification
### (Against Defendant Municipality)

37.     Plaintiff hereby incorporates each of the preceding paragraphs of this Complaint as if fully restated herein.

**ANSWER:     Champaign County, Illinois hereby incorporates by reference each of every one of the above responses to Paragraphs 1-26 and 31-36 above as and for its response to this paragraph.**

38.     Defendant Officers were, at certain times material to this Complaint, employees of the Defendant Champaign County, Illinois and were acting within the scope of their employment. As such, under 745 ILCS 10/9-102, Champaign County, Illinois must pay any toil judgment for compensatory damages that is adjudicated against Defendant Officers.

**ANSWER:     Denied as alleged.**

WHEREFORE, the Defendant, CHAMPAIGN COUNTY, ILLINOIS, prays that judgment be entered in its favor and against the Plaintiff, WYLESHA AYRES, and that Defendant recover its attorneys' fees and costs of suit.

DEFENDANT DEMANDS A TRIAL BY JURY.

**AFFIRMATIVE DEFENSES**

NOW COME the Defendants, CORY CHRISTENSEN and CHAMPAIGN COUNTY, ILLINOIS, by Keith E. Fruehling of Heyl, Royster, Voelker & Allen, their attorneys, and for their Affirmative Defenses to the Complaint of the Plaintiff, WYLESHA AYRES, state as follows:

1.      Deputy Christensen is entitled to qualified immunity.

2.      Champaign County cannot be found liable for or required to pay punitive damages under any theory advanced by Plaintiff under state or federal law.

WHEREFORE, the Defendants, CORY CHRISTENSEN and CHAMPAIGN COUNTY, ILLINOIS, pray that judgment be entered in their favor and against the Plaintiff, WYLESHA AYRES, and that Defendants recover their attorneys' fees and costs of suit.

> CORY CHRISTENSEN and CHAMPAIGN
> COUNTY, ILLINOIS, Defendants
>
> BY: s/Keith E. Fruehling
> Keith E. Fruehling, ARDC #: 6216098
> Attorneys for Defendants
> HEYL, ROYSTER, VOELKER & ALLEN
> Suite 505, 301 N. Neil Street
> P.O. Box 1190
> Champaign, IL 61824-1190
> Telephone  217.344.0060
> Email:  kfruehling@heylroyster.com

## CERTIFICATE OF SERVICE

I hereby certify that on June 27, 2019, I electronically filed the foregoing Answer and Affirmative Defenses with the Clerk of the Court using the CM/ECF system, which will send notification to:

Shneur Z. Nathan – snathan@nklawllp.com
Avi Kamionski – akamionski@nklawllp.com
Natalie Adeeyo – nadeeyo@nklawllp.com
Matthew J. Mc Carter – mmccarter@nklawllp.com
Nathan & Kamionski, LLP
33 W. Monroe, Suite 1830
Chicago, IL 60603

I also hereby certify that I have mailed by United States Postal Service the above-referenced document to the following non-CM/ECF participant:  None.

BY: s/Keith E. Fruehling
Heyl, Royster, Voelker & Allen

36328020_1