5590-21
KEF/BJV/tlp

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| WYLESHA AYRES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No.: 19-2148 |
| ) | |
| SHERIFF DEPUTIES CODY CHRISTENSEN, ) | |
| and CORY FLOYD, CHAMPAIGN COUNTY ) | |
| SHERIFF'S OFFICE, and CHAMPAIGN COUNTY, ) | |
| ILLINOIS, ) | |
| ) | |
| Defendants. ) | |

**ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

NOW COME the Defendants, CORY CHRISTENSEN (improperly named herein as "Cody Christensen") and CHAMPAIGN COUNTY, ILLINOIS, by Keith E. Fruehling of Heyl, Royster, Voelker & Allen, their attorneys, and for their Answer and Affirmative Defenses to the First Amended Complaint of the Plaintiff, WYLESHA AYRES, state as follows:

**INTRODUCTION**

1.      This is an action for civil damages brought pursuant to 42 U.S.C. §§1983 and 1988 to redress the deprivation under color of law of Plaintiff's rights as secured by the United States Constitution.

**ANSWER:** **Defendants acknowledge that the statutes cited in this paragraph exist and that Plaintiff seeks to rely upon them for the purpose of stating a cause of action, but deny there is any legitimate factual basis for the action Plaintiff seeks to pursue and deny she suffered any damages.**

1

2. As more fully described below, Defendant Sheriff Deputies Cody Christensen and Cory Floyd conducted an unreasonable search of Plaintiffs person unlawfully and in violation Plaintiff's rights as secured by the United States Constitution.

**ANSWER:** **Denied.**

## JURISDICTION AND VENUE

3. This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331 and 1343. Plaintiff further invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367 to hear and decide claims arising out of state law.

**ANSWER:** **Defendants acknowledge that the statutes cited in this paragraph exist and that Plaintiff seeks to rely upon them for the purpose of stating her cause of action.**

4. Venue is proper under 28 U.S.C. §1391(b). On information and belief, all parties reside in this judicial district, and the events giving rise to the claims asserted herein all occurred within this district.

**ANSWER:** **Defendants admit that they reside in the District and State, but have insufficient knowledge regarding whether any other parties (named or unnamed) reside in this judicial district and therefore, deny the same as to the other parties.**

5. Wylesha Ayres is a 27-year-old woman who, at all relevant times, resided and was domiciled in the Central District of Illinois.

**ANSWER:** **Defendants have insufficient knowledge regarding the facts in this paragraph to either admit or deny them; and, therefore deny the same.**

6. At all times relevant to the events in this case, Defendant Cody Christensen ("Defendant Christensen") was a sheriff deputy for the Champaign County Sheriff's Office acting under color of law and within the scope of his employment.

**ANSWER:** **Defendants admit that Cory Christensen was employed by the Champaign County Sheriff's Office at the time of the alleged incident and acted within his authority as a duly sworn law enforcement officer at all times relevant to this Complaint.**

7. At all times relevant to the events in this case, Sheriff Deputy Cory Floyd ("Defendant Floyd") was a sheriff deputy for the Champaign County Sheriff's Office acting under color of law and within the scope of his employment.

**ANSWER:** **Defendants have insufficient knowledge regarding the facts in this paragraph to either admit or deny them; and, therefore deny the same.**

8. Defendant Champaign County Sheriff's Office ("CCSO") is a local government entity under the laws of the State of Illinois governed by the Champaign County Sheriff, an independently elected county officer. CCSO is financed by public funds, appropriated to that office by Champaign County.

**ANSWER:** **Admit.**

9. Defendant Champaign County ("Champaign County") is a local government entity under the laws of the State of Illinois. Defendant Champaign County is a necessary party to this lawsuit for indemnification purposes only.

**ANSWER:** **Admit.**

10. Defendants Christensen and Floyd are collectively referred to herein as "Defendant Officers." At all times relevant hereto, Defendant Officers were acting in their individual capacities and acting under color of law.

**ANSWER:** **Denied as alleged.**

## FACTS COMMON TO ALL COUNTS

11. On or about May 8, 2019, at approximately 9:45 p.m. Plaintiff was lawfully operating her car in the area of Dobbins Drive in Champaign, Illinois, when she noticed a marked Champaign County Sheriff's SUV directly behind her with its lights flashing. Plaintiff accordingly pulled her car to the side of the road.

**ANSWER:    Denied as alleged.**

12. Upon information and belief, Deputy Cody Christensen of the Champaign County Sheriff's Office is the individual who pulled Plaintiff over.

**ANSWER:    Admit.**

13. Upon information and belief; Defendant Christensen exited his police car, approached Plaintiff on the driver side of her vehicle, and asked for Plaintiff's identification.

**ANSWER:    Defendants deny that Deputy Christensen approached Plaintiff on the driver side of her vehicle but admit the remaining allegations.**

14. Deputy Cory Floyd then arrived at the scene of the traffic stop describe above.

**ANSWER:    Defendants admit that Deputy Floyd arrived on the scene at some point, but has insufficient knowledge regarding when "then", as alleged in the facts in this paragraph, is alleged to have been and thus cannot either admit or deny the remaining allegations of this paragraph; and, therefore they deny the remaining allegations as alleged.**

15. Defendant Christensen then asked Plaintiff to step out of her vehicle.

**ANSWER:    Admit Deputy Christensen asked Plaintiff to step out of her vehicle at some point in time during the traffic stop.**

16. At all times relevant to this complaint, Plaintiff fully cooperated with Defendant Officers, did not offer any resistance to Defendant Officers, and provided no basis for Defendant Officers to touch Plaintiff.

**ANSWER:** **Defendants admit that Plaintiff fully cooperated with and did not offer any resistance to Deputy Christensen but deny the remaining allegations.**

17. One of Defendant Officers, who Plaintiff believes was Defendant Christensen, a male, proceeded to conduct a highly intrusive pat-down search of Plaintiff's private body parts, including improper touching and rubbing of Plaintiff's lower female private area.

**ANSWER:** **Denied.**

18. Defendant Officers found no drugs, guns, or other weapons on Plaintiff and had no reasonable basis to suspect that such contraband would be located on Plaintiff's person.

**ANSWER:** **Defendants admit that Deputy Christensen found no drugs, guns, or other weapons on Plaintiff but deny the remaining allegations.**

19. After conducting the highly invasive and inappropriate search of Plaintiffs private body part, one or more Defendant Officers then searched Plaintiff's car without probable cause.

**ANSWER:** **Denied as alleged.**

20. No drugs, guns, or other contraband was recovered from the Plaintiff's vehicle.

**ANSWER:** **Admit.**

21. Defendant Christensen then issued Plaintiff a traffic citation and allowed her to leave the traffic stop.

**ANSWER:** **Admit.**

22. From the time Plaintiff was pulled over until she was told she could leave, Plaintiff was seized for purposes of the Fourth Amendment because she was not free to leave.

**ANSWER:** **Denied as alleged.**

23. Approximately ten to twenty minutes later, Plaintiff was leaving a parking lot on Curt Drive in Champaign, Illinois when Defendant Christensen again pulled Plaintiff over.

**ANSWER:** **Denied as alleged.**

24. Plaintiff suffered great emotional and psychological injuries as a result of Defendant Officers' conduct.

**ANSWER:** **Denied.**

## COUNT I — 42 U.S.C. §1983
### Fourth Amendment Violations
### (Against Defendant Officers)

25. Plaintiff hereby incorporates each of the preceding paragraphs of this Complaint as if fully restated herein.

**ANSWER:** **Defendant hereby incorporates by reference each of every one of his responses to Paragraphs 1-24 above as and for his response to this paragraph.**

26. In the manner described above, Defendant Officers caused Plaintiff to be deprived of rights secured by the Fourth Amendment to the Constitution of the United States against unreasonable searches and seizures.

**ANSWER:** **Defendant hereby denies said allegations.**

27. As a result of the misconduct of the Defendant Officers described in this Count, Plaintiff suffered loss of liberty, great mental anguish, humiliation, degradation, emotional pain and suffering, and other grievous and continuing injuries and damages as set forth above.

**ANSWER:** **Defendant hereby denies said allegations.**

WHEREFORE, the Defendant, CORY CHRISTENSEN, prays that judgment be entered in his favor and against the Plaintiff, WYLESHA AYRES, and that Defendant recover his attorneys' fees and costs of suit.

DEFENDANT DEMANDS A TRIAL BY JURY.

## COUNT II — 42 U.S.C. §1983
### Failure to Intervene
### (Against Defendant Cory Floyd)

**Count II is not directed at either of these Defendants and so no answer is made to the allegations of Count II**

28. Plaintiff hereby incorporates each of the preceding paragraphs of this Complaint as if fully restated herein.

**ANSWER:** Not directed at these Defendants.

29. In the manner described above, during the constitutional violations described herein, Defendant Cory Floyd stood by without intervening to prevent the violation of Plaintiff's constitutional rights, even though he had the opportunity to do so.

**ANSWER:** Not directed at these Defendants.

30. As a result of Defendant Floyd's failure to intervene to prevent the violation of Plaintiff's constitutional rights, Plaintiff suffered deprivation of her liberty, humiliation, fear, as well as severe emotional distress. Defendant Floyd had ample, reasonable opportunities to prevent the unlawful detention and search described above but failed to do so. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally, and in total disregard of Plaintiff's constitutional rights.

**ANSWER:** Not directed at these Defendants.

31. As a result of the misconduct of Defendant Floyd described herein, Plaintiff suffered loss of liberty, great mental anguish, humiliation, degradation, emotional pain and suffering, and other grievous and continuing injuries and damages as set forth above.

**ANSWER:** Not directed at these Defendants.

## COUNT III — STATE LAW CLAIM
### Intentional Infliction of Emotional Distress
### (Against Defendant Officers)

32. Plaintiff hereby incorporates each of the preceding paragraphs of this Complaint as if fully restated herein.

**ANSWER:** **Defendant hereby incorporates by reference each of every one of his responses to Paragraphs 1-27 above as and for his response to this paragraph.**

33. The acts and conduct of Defendant Officers toward Plaintiff as described above were extreme and outrageous.

**ANSWER:** **Deputy Christensen hereby denies said allegations.**

34. Defendant Officers' conduct was rooted in an abuse of power or authority, and they were undertaken with maliciousness and intent to cause, or were recklessly indifferent to the great probability that their conduct would cause severe emotional distress to Plaintiff.

**ANSWER:** **Deputy Christensen hereby denies said allegations.**

35. As a direct and proximate result of the conduct of Defendant Officers, Plaintiff suffered and continues to suffer severe emotional distress.

**ANSWER:** **Deputy Christensen hereby denies said allegations.**

WHEREFORE, the Defendant, COREY CHRISTENSEN, prays that judgment be entered in his favor and against the Plaintiff, WYLESHA AYRES, and that Defendant recover his attorney's fees and costs of suit.

DEFENDANT DEMANDS A TRIAL BY JURY.

## COUNT IV — STATE LAW CLAIM
### *Respondeat Superior* Claim
### (Against Defendant Champaign County Sheriff's Office)

**Count IV is not directed at either of these Defendants and so no answer is made to the allegations of Count IV.**

36. Plaintiff hereby incorporates each of the preceding paragraphs of this Complaint as if fully restated herein.

**ANSWER:    Not directed at these Defendants.**

37. Defendant Officers were, at certain times material to this Complaint, employees of the Defendant Champaign County, Illinois, were acting within the scope of their employment, and their acts which violated state law are directly chargeable to the Defendant Champaign County, Illinois under state law pursuant to *respondeat superior*.

**ANSWER:    Not directed at these Defendants.**

## COUNT V — STATE LAW CLAIM
### Indemnification
### (Against Defendants Champaign County Sheriff's Office and Champaign County)

38. Plaintiff hereby incorporates each of the preceding paragraphs of this Complaint as if fully restated herein.

**ANSWER:    Champaign County, Illinois hereby incorporates by reference each of every one of the above responses to Paragraphs 1-27 and 32-37 above as and for its response to this paragraph.**

39. Defendant Officers were, at certain times material to this Complaint, employees of the Defendant Champaign County Sheriff's Office and were acting within the scope of their employment.

**ANSWER:** **Denied as alleged.**

40. The Champaign County Sheriff's Office is funded by Champaign County. Therefore, under 745 ILCS 10/9-102, Champaign County is required to pay any tort judgment for compensatory damages that is adjudicated against Defendant Officers and the Champaign County Sheriff's Office.

**ANSWER:** **Defendant admits 745 ILCS 10/9-102 exists, and will permit the statute to speak for itself. The remaining allegations are denied as alleged.**

WHEREFORE, the Defendant, CHAMPAIGN COUNTY, ILLINOIS, prays that judgment be entered in its favor and against the Plaintiff, WYLESHA AYRES, and that Defendant recover its attorneys' fees and costs of suit.

DEFENDANT DEMANDS A TRIAL BY JURY.

## **AFFIRMATIVE DEFENSES**

NOW COME the Defendants, CORY CHRISTENSEN and CHAMPAIGN COUNTY, ILLINOIS, by Keith E. Fruehling of Heyl, Royster, Voelker & Allen, their attorneys, and for their Affirmative Defenses to the First Amended Complaint of the Plaintiff, WYLESHA AYRES, state as follows:

1. Deputy Christensen is entitled to qualified immunity.

2. For Plaintiff's state-law claims:

    a. Deputy Christensen cannot be liable for an act/omission in the execution or enforcement of any law unless such act/omission constituted willful & wanton misconduct. 745 ILCS 10/2-202.

    b. Deputy Christensen is not liable to pay punitive or exemplary damages in any action arising out of an act or omission made while serving in an official

executive, legislative, quasi-legislative or quasi-judicial capacity, brought directly or indirectly against him by the injured party or a third party. 745 ICLS 10/2-102.

2. Champaign County cannot be found liable for or required to pay punitive damages under any theory advanced by Plaintiff under state or federal law.

WHEREFORE, the Defendants, CORY CHRISTENSEN and CHAMPAIGN COUNTY, ILLINOIS, pray that judgment be entered in their favor and against the Plaintiff, WYLESHA AYRES, and that Defendants recover their attorneys' fees and costs of suit.

    CORY CHRISTENSEN and CHAMPAIGN
    COUNTY, ILLINOIS, Defendants

    BY: s/Keith E. Fruehling
    Keith E. Fruehling, ARDC #: 6216098
    Attorneys for Defendants
    HEYL, ROYSTER, VOELKER & ALLEN
    Suite 505, 301 N. Neil Street
    Champaign, IL 61820
    Telephone  217.344.0060
    Email:  kfruehling@heylroyster.com

**CERTIFICATE OF SERVICE**

I hereby certify that on November 19, 2019, I electronically filed the foregoing Answer and Affirmative Defenses to Plaintiff's First Amended Complaint with the Clerk of the Court using the CM/ECF system, which will send notification to:

Shneur Z. Nathan – snathan@nklawllp.com
Avi Kamionski – akamionski@nklawllp.com
Natalie Adeeyo – nadeeyo@nklawllp.com
Matthew J. Mc Carter – mmccarter@nklawllp.com; amanda@nklawllp.com; jalcala@nklawllp.com
Nathan & Kamionski, LLP
33 W. Monroe, Suite 1830
Chicago, IL 60603

I also hereby certify that I have mailed by United States Postal Service the above-referenced document to the following non-CM/ECF participant:  None.

                                              BY: s/Keith E. Fruehling
                                               Heyl, Royster, Voelker & Allen

37252448_1