E-FILED
Thursday, 16 January, 2020  04:32:24 PM
Clerk, U.S. District Court, ILCD

5590-21
KEF/tlp

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## URBANA DIVISION

| | | |
|---|---|---|
| WYLESHA AYRES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.:    19-2148 |
| | ) | |
| SHERIFF DEPUTIES CODY CHRISTENSEN and | ) | |
| CORY FLOYD, CHAMPAIGN COUNTY SHERIFF'S | ) | |
| OFFICE, and CHAMPAIGN COUNTY, ILLINOIS, | ) | |
| | ) | |
| Defendants. | ) | |

### DEFENDANTS' MOTION TO QUASH
### PLAINTIFF'S SUBPOENA FOR A RULE 30(b)(6) WITNESS

NOW COME the Defendants, CORY CHRISTENSEN, CHAMPAIGN COUNTY, ILLINOIS, the CHAMPAIGN COUNTY SHERIFF'S OFFICE and CODY FLOYD, by Keith E. Fruehling of Heyl, Royster, Voelker & Allen, their attorneys, and for their Motion to Quash state as follows:

### I.        Introduction

Briefly stated: Plaintiff seeks to depose a Rule 30(b)(6) witness about a law enforcement agency's policies and procedures, even though Plaintiff's Amended Complaint focuses on the alleged individual liability of individual officers under the Fourth Amendment. Defendants do not this testimony is relevant to Plaintiff's Amended Complaint. Irrelevant information falls outside the scope of discovery, which axiomatically includes depositions. FRCP 26(b)(1).

So this Court may resolve a scope-of-discovery issue with implications for written discovery propounded by Plaintiff, Defendants respectfully ask for this Court to quash the Plaintiff's Notice of Subpoena for a rule 30(b)(6) witness.

## II.     Argument

### A.  Plaintiff's Amended Complaint does not concern policies/procedures, etc.

1.      Plaintiff filed her Amended Complaint on November 5, 2019, which focuses on a pat-down search of Plaintiff performed by Defendant Christensen on May 8, 2019. (d/e #22). This pat-down search is captured on the Defendant Officers' body cameras.

2.      Plaintiff's Amended Complaint alleges, against Defendants Christensen and Floyd, a Fourth Amendment violation (Count I) and Intentional Infliction of Emotion Distress claim (Count III); and against Floyd only, a failure-to-intervene claim (Count II). The Champaign County Sheriff's Office is included on a *respondeat superior* theory (Count IV), and Champaign County for indemnification purposes (Count V).

3.      Plaintiff's Amended Complaint has no allegations or claims involving "training," "policies," "practices," or "procedures."

### B.  The instant Notice of Subpoena solely seeks policies/procedures/training testimony

4.      On January 2, 2020, Plaintiff provided Defendants' counsel with a Notice of Deposition. (Attached as "Exhibit A"). The Notice states the deposition will occur on February 5, 2020.

5.      Plaintiff's Notice seeks the deposition of a Rule 30(b)(6) witness for the Champaign County Sheriff's Office.

6.      Specifically, the witness would be expected to testify about "written and unwritten policies, practices, and training during the time period of May 8, 2019 to the present day that govern situations where a male employee of Defendant deems it necessary to search the physical body of a female citizen, including but not limited to the factual predicate necessary

for such a search, the mechanics of how such a search is to be conducted, by whom, and how such a search must be documented." (Exhibit A).

    **C. Policies/procedures/training testimony is not relevant — and thus not discoverable — when the sole bases of liability are for an individual defendant's objective conduct.**

    7.    Plaintiff's main claims sound in the Fourth Amendment.

    8.    The Fourth Amendment calls for a purely-objective analysis: the issue is "reasonableness," not the subjective intent of the officer. This is a different question than whether an officer acted consistently with her department's policies or training. Indeed, such policies/training vary so widely by location and circumstance that Courts have concluded they are an unreliable measure of reasonableness for police conduct — something all the more true considering officers have to make split-second decisions in intense, evolving situations. *Whren v. United States*, 517 U.S. 806, 815–16 (1996); *Thompson v. City of Chicago*, 472 F.3d 444, 454–55 (7th Cir. 2006); *Scott v. Edinburg*, 346 F.3d 752, 760 (7th Cir. 2003).

    9.    Consequently, in a § 1983 action, a police force's regulations are immaterial for determining whether an individual officer's behavior was reasonable under the Fourth Amendment. *Thompson*, 472 F.3d at 454 (7th Cir. 2006) (excessive force); *see also Whren*, 517 U.S. at 815–16 (traffic stop search). Defendants acknowledge that *Thompson* and *Whren* do not create a blanket ban on such testimony in the Fourth Amendment context, but believe Plaintiff's allegations do not add up to the "extraordinary" searches/seizures where this evidence could be relevant — such as a search involving a "physical penetration of the body." *See Whren*, 517 U.S. at 818 (as example of "physical penetration of the body," citing *Winston v. Lee*, 470 U.S. 753,

761–62 (1985) (calling for case-by-case analysis when "surgical intrusion in the skin" is necessary, such as to remove a bullet from a suspect)).

10.     Defendants do not believe Plaintiff's state-law IIED claim warrants permitting discovery into policies/procedures, as this evidence is of limited value (if any) — a position which seems agreeable to the Seventh Circuit. *See Thompson* 472 F.3d at 456–57 (after finding policies/procedures immaterial to plaintiff's Fourth Amendment claims, excluding the same evidence for Plaintiff's state-law claims under FRE 403 out of fear a trial-within-a-trial about whether policies were violated would confuse the jury into believing the policies spoke to Fourth Amendment liability).

WHEREFORE, Defendants respectfully request that this Court quash Plaintiff's Notice of a Rule 30(b)(6) deposition.

Respectfully submitted,

CORY CHRISTENSEN, CHAMPAIGN COUNTY, ILLINOIS, the CHAMPAIGN COUNTY SHERIFF'S OFFICE, and CODY FLOYD, Defendants

BY: s/Keith E. Fruehling
Keith E. Fruehling, ARDC #: 6216098
HEYL, ROYSTER, VOELKER & ALLEN
Suite 505, 301 N. Neil Street
Champaign, IL 61820
Telephone  217.344.0060
Email: kfruehling@heylroyster.com

**CERTIFICATE OF SERVICE**

I hereby certify that on January 16, 2020, I electronically filed the foregoing DEFENDANTS' MOTION TO QUASH PLAINTIFF'S SUBPOENA FOR A RULE 30(b)(6) WITNESS with the Clerk of the Court using the CM/ECF system, which will send notification to:

Shneur Z. Nathan – snathan@nklawllp.com
Avi Kamionski – akamionski@nklawllp.com
Natalie Adeeyo – nadeeyo@nklawllp.com
Matthew J. Mc Carter – mmccarter@nklawllp.com; amanda@nklawllp.com; jalcala@nklawllp.com
Nathan & Kamionski, LLP
33 W. Monroe, Suite 1830
Chicago, IL 60603

I also hereby certify that I have mailed by United States Postal Service the above-referenced document to the following non-CM/ECF participant:  None.

BY: s/Keith E. Fruehling
 Heyl, Royster, Voelker & Allen

37435237_1