IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| WYLESHA AYRES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 19-cv-2148 |
| | ) | |
| SHERIFF DEPUTY COREY CHRISTIANSON, UNKNOWN CHAMPAIGN COUNTY SHERIFF'S DEPUTY, and CHAMPAIGN COUNTY, ILLINOIS, | ) ) ) ) ) | Magistrate Judge Eric I. Long |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S RESPONSES TO DEFENDANTS'
FIRST SET OF INTERROGATORIES TO PLAINTIFF**

Plaintiff Wylesha Ayres ("Plaintiff"), by and through her attorneys, Nathan & Kamionski LLP, and for her response and objections to Defendants Cory Christensen and Champaign County, Illinois' First Set of Interrogatories to Plaintiff, states as follows:

**General Objections**

1. These General Objections are hereby incorporated by reference into the responses made with respect to each separate interrogatory. Neither the inclusion of any specific objection in response to an interrogatory, nor the failure to include any general or specific objection in response to an interrogatory, shall in any way be deemed as a waiver of any general objection made herein nor that may be asserted at another date.

2. Plaintiff will respond to each interrogatory based on the best of her present knowledge, information and belief. Plaintiff's investigation and development of all facts and circumstances relating to this action are ongoing. Plaintiff reserves the right to supplement and amend her responses herein as discovery proceeds and further information is received.

Exhibit I

3. Plaintiff's response to an interrogatory is not intended to waive, and does not constitute any waiver of, any objection which Plaintiff may have to admissibility, materiality, or relevance of the information sought in the interrogatory. For any and all responses to each interrogatory, Plaintiff reserves all objections or other questions regarding the relevance, materiality, or admissibility of the information sought in the interrogatory as evidence in this suit or any other proceeding, action, or trial.

4. Plaintiff objects to each instruction, definition, and interrogatory to the extent that it purports to impose any requirement or discovery obligation greater than or different from those under the Federal Rules of Civil Procedure.

## Interrogatory Responses

1. **IDENTIFICATION OF CLAIMANT.** Give the full name, address, social security number, date and place of birth, e-mail address(es), and spouse, if any, of the claimant at the time of the incident, and any other names that the claimant has or may have used at any time, including but not limited to, maiden name, or name taken during a prior marriage.

**ANSWER:** Plaintiff objects to this interrogatory to the extent it seeks to invade Plaintiff's right to privacy. The minimal information provided by the disclosure of Plaintiff's social security number is substantially outweighed by the risk of a serious invasion of privacy that would result from such disclosure. Plaintiff further objects to this interrogatory to the extent it seeks information not relevant to the subject matter of this litigation. Subject to and without waiving these objections, Plaintiff states: Wylesha Ayers; DOB: April [Redacted], 1992 in Champaign, IL; and the last four digits of her social security number are [Redacted]. Plaintiff currently lives at [Redacted], Champaign, IL [Redacted]. Plaintiff can be contacted through Counsel.

2. **STATEMENTS.** State whether any person, including plaintiff, and/or claimant if different, has given any statements regarding the incident, or the damages claimed to have resulted therefrom. If so, identify the person giving the statement, the person to whom the statement was given, the date of the statement and whether it was written, recorded or otherwise transcribed. Identify anyone believed to be in possession of said statements.

**ANSWER:** Plaintiff objects to this interrogatory as vague and ambiguous as to the term "statement." Plaintiff will treat this interrogatory as if it asks for the official and memorialized account of any witnesses who observed the incident on May 8, 2019 as alleged in Plaintiff's Complaint. Plaintiff objects to this interrogatory to

the extent it seeks information protected by the attorney-client privilege and work product privilege. Plaintiff objects to this request to the extent it seeks information beyond Plaintiff's personal knowledge. Subject to and without waiving these objections, Plaintiff states she is unaware of any statements made by any person relating to the May 8, 2019 incident.

3. **WITNESSESS – INCIDENT.** Identify each person known or believed to have been present at the time of the incident, or within a half an hour of the incident, including, but not limited to, eyewitnesses. Indicate which of these persons are believed to be eyewitnesses. To the extent that any witness was a minor (as of May 8, 2019), please identify their age and who was their custodian at the time.

**ANSWER:** Plaintiff states Letika Graham and her two children [Redacted] [Redacted] (1) and [Redacted] (7) were present in the car during the incident described in Plaintiff's Complaint. All three are believed to have witnessed the events referenced in Plaintiff's Complaint.

4. **WITNESSES – DAMAGES.** Identify each person, including their last known address, known or believed to have knowledge concerning the claimant's alleged injuries and/or damages.

**ANSWER:** Plaintiff objects that this interrogatory is overly broad in terms of time and scope and unduly burdensome. Subject thereto, and without waiving said objections, Plaintiff refers Defendants to Plaintiff's Rule 26 Initial Disclosures tendered to counsel on August 14, 2019.

5. **INVESTIGATIONS.** Identify anyone who investigated the incident, and state whether any report of investigation was prepared; if so, identify all of those in possession of said report; <u>and</u> attach a full copy of each report and referenced materials.

**ANSWER:** Plaintiff objects that this interrogatory as overly broad in terms of time and scope, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject thereto, and without waiving said objections, Plaintiff states the only pre-suit investigation conducted into the facts alleged in the Complaint was conducted by Plaintiff's Counsel and is protected by the attorney-client privilege as well as the attorney work-product privilege.

6. **CRIMINAL CONVICTIONS.** If a claimant has ever been convicted of or pled guilty to a crime other than a traffic violation, state the crime, the date of conviction, the court entering the judgment, and the sentence imposed.

**ANSWER:** Plaintiff objects that this interrogatory is overly broad in terms of time and scope, unduly burdensome, and is not reasonably calculated to lead to the discovery of admissible evidence. Subject thereto, and without waiving said objections, Plaintiff states she was previously convicted of residential burglary (Champaign

County case no. 12-cv-142); robbery (Champaign County case no. 12-cf-8611); and misdemeanor theft (Champaign Count case no. 09-cv-662).

7. **PRIOR WITNESSES.** Identify each person, including their last known address, who has knowledge of claimant's whereabouts and/or physical condition within the 24-hour period prior to the date of the incident.

**ANSWER:** Plaintiff objects that this interrogatory is overly broad in terms of time and scope and unduly burdensome. Subject thereto, and without waiving said objections, Plaintiff refers Defendants to Plaintiff's Rule 26 Initial Disclosures tendered to counsel on August 14, 2019.

8. **ALCOHOL AND DRUGS.** State whether the claimant consumed any alcoholic beverages, medications of any kind or any legal or illegal drugs within 24 hours prior to the incident. If so, describe the nature, amount and type of such item consumed and the time and place of consumption.

**ANSWER:** Plaintiff objects to this interrogatory as vague and ambiguous as to the term "incident." Subject to and without waiving this objection, Plaintiff refers to her statements contained in the body worn camera footage produced by Defendants (Ayres-000001). Further answering, Plaintiff does not recall any additional consumption of legal or illegal drugs within 24 hours of the events described in Plaintiff's Complaint.

9. **PRIOR PHYSICAL CONDITION.** Prior to the time of the incident, did the claimant have any physical or mental limitation or disability not disclosed elsewhere in the answers to these interrogatories, including, but not limited to, limitations on speech and/or eyesight? If so, describe that limitation.

**ANSWER:** Plaintiff objects that this interrogatory is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Subject thereto, and without waving said objections, Plaintiff did not have any physical or mental limitation or disability on May 8, 2019.

10. **OTHER INJURIES.** If the claimant has ever suffered injury on any occasion other than the incident herein, <u>whether before or after said incident</u>, state the nature of the injury, the date and location thereof, and identify each medical provider who provided treatment for such injury.

**ANSWER:** Plaintiff objects that this interrogatory is vague and ambiguous as to the term "injury," overly broad in terms of time and scope, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject thereto, and without waiving said objections, Plaintiff states she was hospitalized in 2010 for injuries sustained from a knife wound; she was also hospitalized in 2017 with symptoms of depression.

11. **MEDICAL CARE.**   Identify each medical provider who has examined, treated or otherwise dealt with the claimant at any time from five years prior to the date of the incident to the present. Indicate which of these are claimed to have provided medical care or treatment for injuries result from the incident, and for each, state whether claimant is currently receiving medical care or treatment.

**ANSWER:**   Plaintiff objects to this interrogatory as premature and disproportionate to the needs of the case as defined by Fed. R. Civ. P. 26(b)(1) in light of the present stage of discovery. Plaintiff expects to receive further information through discovery that will concern and provide information responsive to this interrogatory. Plaintiff will supplement her response when appropriate.

12. **SPECIALS.**   List all bills which are claimed to have been incurred by anyone as a result of medical care provided to the claimant as a result of the incident. Identify the medical provider from whom each bill was received, the individual who has incurred said bill, the amount of each bill, whether it was paid, and if so, by whom (i.e., health insurer, workers' compensation insurer, claimant personally, etc.).

**ANSWER:**   Plaintiff objects that this interrogatory is overly broad in terms of time and scope, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, and premature and disproportionate to the needs of the case defined by Fed. R. Civ. P. 26(b)(1) given that discovery in this case is ongoing. Subject thereto, and without waiving said objections, Plaintiff expects to receive further information through discovery that will concern and provide information responsive to this interrogatory. Plaintiff will supplement her response when appropriate.

13. **LOST ECONOMIC BENEFITS.**   State and/or describe the amount of income or other economic benefits believed to have been lost by claimant as a result of the incident.

**ANSWER:**   Plaintiff objects to this interrogatory as premature and disproportionate to the needs of the case as defined by Fed. R. Civ. P. 26(b)(1) in light of the present stage of discovery. Plaintiff expects to receive further information through discovery that will concern and provide information responsive to this interrogatory. Plaintiff will supplement her response when appropriate.

14. **OTHER DAMAGES.**      State whether any claimant has suffered damages of any kind other than those mentioned in answers to prior interrogations; if so, describe such damages.

**ANSWER:**   Plaintiff objects to this interrogatory as premature and disproportionate to the needs of the case as defined by Fed. R. Civ. P. 26(b)(1) in light of the present stage of discovery. Plaintiff expects to receive further information through discovery that will concern and provide information responsive to this interrogatory. Plaintiff will supplement her response when appropriate.

15. **PHOTOGRAPHS, FILMS AND VIDEOTAPES.** Identify each person or entity in possession of any photographs, films or videotapes of the claimant, any Defendant, or any act described in Plaintiff's Complaint.

**ANSWER:** Plaintiff objects to this interrogatory to the extent it seeks information not relevant to the subject matter of this litigation, is overly broad and not calculated to lead to the discovery of admissible evidence and seeks information beyond Plaintiff's personal knowledge. Subject thereto and without waiving these objections, Plaintiff is not in possession of any photographs, films, or videotapes of any Defendant or the events described in Plaintiff's Complaint.

16. **TRIAL WITNESSES.** Identify each witness who will testify at trial, and the subject of that witness' testimony.

**ANSWER:** Plaintiff objects to this interrogatory as premature in light of the present stage of discovery. Subject to and without waiving these objections, Plaintiff refers Defendants to Plaintiff's Rule 26 Initial Disclosures tendered to counsel on August 14, 2019 and any supplements thereto. Plaintiff reserves the right to supplement her response when appropriate.

17. **EXPERT WITNESSES.** Pursuant to Rule 26(a)(2) of the Federal Rules of Civil Procedure, provided the name and address of each expert or opinion witness who will offer any testimony in this litigation, and with respect to each such witness, state:

  a. The qualifications of each witness, including a curriculum vitae and/or resume, if any;

  b. The subject matter on which the witness is expected to testify;

  c. The conclusions and/or opinions of the witness and the bases therefore;

  d. Identify all publications, documents or written materials relied upon to any extent by the witness in rendering or basing any opinions;

  e. Identify all publications of the witness; state which, if any, deal with the same or similar subject matter which is the subject of this lawsuit;

  f. Whether there exist any written reports of the witness regarding this occurrence (and pursuant to Rule 26(s)(2)(B), provide all reports of any opinion witness);

  g. Whether the witness has been retained or specially employed to provide expert testimony in this case;

  h. The number of prior occasions on which the witness has been retained by you or your attorneys as an expert/opinion witness or consultant;

  i. The number of prior occasions on which the witness has been retained by any claimant or claimant's attorney as an expert/opinion witness or consultant;

  j. The number of times which the witness has been identified as an expert/opinion witness on behalf of a plaintiff or plaintiffs in the last four (4) years; for each such occasion, state the name of the case, the nature of the case, the jurisdiction, and the name of the plaintiff's attorney. State whether said witness testified by deposition and/or in court;

  k. The number of times which the witness has been identified as an expert/opinion witness on behalf of a defendant or defendants in the last four (4) years; for each such occasion, state the name of the case, the nature of the case, the jurisdiction, and the name of the defendant's attorney. State whether said witness testified by deposition and/or in court;

  l. Identify, giving the name of the case, the jurisdiction of the case, and the attorney who retained him or her, each case in which the witness has offered testimony, by report, deposition, or trial testimony, concerning the same or similar subject matter which is the subject of this lawsuit;

  m. State the annual income generated by the witness in offering expert/opinion testimony for the last four (4) years;

  n. State the hourly or other charges of the witness for work performed on this case; state the number of hours expended on the case; and the total amount billed or owing to date; and

  o. State whether the witness has ever advertised or been advertised, either individually though a group (i.e., TASA, etc.), the availability of his or her services as an expert witness; if so, state the dates during which such advertising took place, and identify each entity (i.e., <u>Chicago Daily Law Bulletin</u>, etc.) where such advertisements were placed.

**ANSWER:** Plaintiff objects to this interrogatory as premature in light of the present stage of discovery. Plaintiff reserves the right to supplement this response in accordance with the Rule 26(f) discovery schedule approved by this Court in an order dated August 1, 2019.

 18. **OTHER RULES AND REGULATIONS.** Identify each and every rule, regulation, bylaw, protocol, standard, printed matter, publication or writing of whatsoever nature, by any professional group, association, credentialing body, accrediting authority or governmental agency which you or your attorney may use at trial in the prosecution of this lawsuit.

**ANSWER:** Plaintiff objects to this interrogatory as premature given that discovery in this case is ongoing. Plaintiff further objects that this interrogatory seeks information beyond Plaintiff's personal knowledge and seeks information that is more

accessible to Defendants. Subject to and without waiving these objections, Plaintiff's investigation continues, and she will supplement her response when appropriate.

19.     Identify any statements, information and documents known to you and requested by any of the above Interrogatories or by request to produce documents or other tangible items which you claim to be work product or subject to a common law or statutory privilege, and with respect to each, state the claim expressly and state a description of the nature of the documents, communications or things not produced or disclosed and the exact privilege which is being claimed.

**ANSWER:** Plaintiff objects to this interrogatory as premature given that discovery in this case is ongoing. Subject to and without waiving these objections, Plaintiff's investigation continues, and she will supplement her response and provide a privilege log when appropriate.

20.     Identify whether Plaintiff (or anyone on Plaintiff's behalf) prepared, made, conveyed, or expressed any formal complaint to the Champaign County Sheriff's Office, or any other law enforcement agency or other governmental entity, prior to filing this lawsuit.

**ANSWER:** Plaintiff objects to this interrogatory as premature given that discovery in this case is ongoing. Plaintiff further objects that this interrogatory seeks information that is more accessible to Defendants. Subject to and without waiving these objections, Plaintiff's investigation continues, and she will supplement her response when appropriate.

Dated: November 19, 2019

Respectfully Submitted,

*/s/ Matthew J. Mc Carter*
Matthew J. Mc Carter
Nathan & Kamionski LLP
33 W. Monroe St., Suite 1830
Chicago, IL 60603
(312)612-1943
mmccarter@nklawllp.com

**CERTIFICATE OF SERVICE**

      I, Matthew J. Mc Carter, an attorney, hereby certify that I have caused true and correct copies of the above and foregoing to be served on Defendants' Counsel via EMAIL to the below service list, on November 19, 2019.

**SERVICE LIST**

Keith E. Fruehling
Bryan J. Vayr
HEYL, ROYSTER, VOELKER & ALLEN
301 N. Neil St. - Suite 505
P.O. Box 1190
Champaign, IL 61820
kfruehling@heylroyster.com
bvayr@heylroyster.com

                                                  */s/ Matthew J. Mc Carter*
                                                  Matthew J. Mc Carter

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| WYLESHA AYRES, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 19-cv-2148 |
| SHERIFF DEPUTY COREY CHRISTIANSON, UNKNOWN CHAMPAIGN COUNTY SHERIFF'S DEPUTY, and CHAMPAIGN COUNTY, ILLINOIS, | ) Judge Colin S. Bruce<br>) Magistrate Judge Eric I. Long |
| Defendants. | ) |

**VERIFICATION OF PLAINTIFF'S RESPONSE TO DEFENDANTS' FIRST SET OF INTERROGATORIES DIRECTED TO THE PLAINTIFF**

I, WYLESHA AYRES, under penalties as provided by law pursuant to 29 U.S.C. § 1747, certify that the foregoing Response to Defendants' First Set of Interrogatories Directed to Plaintiff are true and correct to the best of my knowledge, information and belief.

Date: 10-11-19

_____
Wylesha Ayres